UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ALVIN MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16CV66 JMB |
| ) | |
| JAMES HURLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Alvin Moore's amended complaint. For the reasons stated below, the Court will dismiss plaintiff's official capacity claims against defendant James Hurley, and direct the Clerk of Court to issue process on the amended complaint as to plaintiff's Eighth Amendment claims against Gregory Niffen and John Heinrich in their individual capacities.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Amended Complaint**

Plaintiff Alvin Moore, an inmate at Tipton Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 against Missouri Department of Corrections employees James Hurley, John Heinrich and Gregory Niffen. Plaintiff originally failed to specify the capacity in which he intended to sue the defendants, and the Court ordered him to supplement the amended complaint to so specify. In a supplement filed on November 1, 2016, plaintiff specified that he intended to sue Hurley in his official capacity, and Heinrich and Niffen in their individual capacities. Plaintiff seeks only monetary relief.

In the amended complaint, plaintiff alleges that, on December 9, 2013 while he was incarcerated at Northeast Correctional Center ("NECC"), corrections officers Heinrich and Niffen used excessive force against him in violation of his Eighth Amendment rights. Specifically, plaintiff alleges that, while his hands were cuffed behind his back, Heinrich grabbed and twisted his forearm, pulled him, shoved him down a flight of stairs, and slammed him onto a metal bench. Plaintiff alleges that Niffen slammed him against a door frame, shoved him down a flight of stairs, and slammed him onto a metal bench. Plaintiff alleges that his back was seriously injured, and that he has suffered chronic pain ever since. Plaintiff alleges that he filed an Informal Resolution Request ("IRR") and a grievance which were addressed by Hurley, the warden of NECC. Plaintiff alleges that Hurley refused to adequately and properly address the conduct of Heinrich and Niffen, and was deliberately indifferent to the facts and allegations of his complaint.

## Discussion

The Court first addresses the amended complaint as it pertains to Hurley. Plaintiff sues Hurley in his official capacity. A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and as such, is no different from a suit against the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). Because official-capacity suits against state officials such as Hurley are treated as actions against the state itself, such actions are subject to the restrictions of the Eleventh Amendment. Under the Eleventh Amendment, states are immune from federal lawsuits seeking money damages unless the state consents, or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will*, 491 U.S. at 66; *O'Sullivan v. Minnesota*, 191 F.3d 965, 967 (8th Cir. 1999).

3

In the case at bar, plaintiff seeks money damages, the state of Missouri has not consented to suit, and it is well-settled that Eleventh Amendment immunity is fully effective in § 1983 actions. *Will*, 491 U.S. at 66. Plaintiff's official capacity claims against Hurley, which are treated as claims against the state of Missouri, are therefore barred by the Eleventh Amendment. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) (a claim for damages against a state employee in his official capacity is barred by the Eleventh Amendment). The Court concludes that plaintiff has failed to state an actionable claim against Hurley.

The Court now turns to plaintiff's claims against corrections officers Heinrich and Niffen. The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by corrections officers. *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002). Corrections officers may use force reasonably "in a good faith effort to maintain or restore discipline," but may not use it "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Taken as true, plaintiff's allegations against Heinrich and Niffen adequately state a claim for excessive force under the Eighth Amendment. The Court will therefore require Heinrich and Niffen to respond to the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Gregory Niffen and John Heinrich in their individual capacities.

**IT IS FURTHER ORDERED** that, in their individual capacities, defendants Gregory Niffen and John Heinrich shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendant James Hurley is **DISMISSED** from this action. An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 10th day of November, 2016.

                                                 /s/ John A. Ross
                                                 JOHN A. ROSS
                                                 UNITED STATES DISTRICT JUDGE