UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ALVIN MOORE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:16 CV 66 (JMB) |
| GREGORY NIFFEN and JOHN HEINRICH, | ) ) ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court for review of the affidavit filed by defendant John Heinrich in support of defendants' joint motion for summary judgment. Plaintiff has not filed a response and his time for doing so has expired.

**I.     Background**

Plaintiff Alvin Moore is an inmate incarcerated by the Missouri Department of Corrections. He alleges that, on December 9, 2013, defendants Gregory Niffen and John Heinrich used excessive force against him first in his cell and again when they secured him to a restraint bench. Additional detail and analysis are presented in the Court's Memorandum and Order entered on August 21, 2018. [Doc. # 64]. At that time, the Court granted summary judgment in favor of defendant Niffen. With respect to defendant Heinrich, the Court gave him the option of filing additional evidence in support of his motion or proceeding to trial on plaintiff's claim that he used excessive force while securing plaintiff to the restraint bench.[1] Defendant Heinrich has supplied an affidavit.

---

[1] As is explained in the August 21st Memorandum and Order, defendants submitted plaintiff's deposition and defendant Niffen's six-paragraph affidavit in support of their summary judgment motion but there

At the time the Court was considering the defendants' summary judgment motion, the only evidence in the record with respect to the events at the restraint bench were plaintiff's deposition testimony and a video recording of the incident. Plaintiff testified that defendant Heinrich used excessive force against him when securing him to the bench and did so "with cause." The recording showed the defendants escorting plaintiff, with his hands cuffed behind his back, down a flight of steps and to the restraint bench. The camera was located at the top of the steps and thus provided a view of the bench from high above and at a distance. The men proceeded down the steps without incident. Once they arrived at the restraint bench, defendant Niffen went behind the bench while holding plaintiff by one arm while defendant Heinrich held plaintiff's hands or the cuffs. As defendants lowered plaintiff to the bench, several things happened: plaintiff twisted to his left; defendant Heinrich leaned on plaintiff from the right side, placing his forearm on plaintiff's head and pushing his head toward his knees; and defendant Niffen, possibly pulled off balance, kicked one foot out behind him. Defendants then helped plaintiff sit upright, at which point it was obvious that he was in pain.

Plaintiff had a herniated disc and sciatica. He testified that he felt a lot of pain when he was seated on the bench and started "screaming and letting them know it was hurting." He "made like a reflex" and "was like augh." Pl. Dep. [Doc. # 57-2 at 97-98]. It was at that point that defendant Heinrich "came over the top with his right forearm in [plaintiff's] face" and "applied . . . pressure" to push plaintiff's head down. See id. at 100. Plaintiff asserted that Heinrich acted "with cause."

In its prior order, the Court noted that "with cause" is arguably not a sufficient basis to find that defendant Heinrich acted with the requisite intent to establish plaintiff's excessive force

---

was no testimony from defendant Heinrich. The absence of testimony from defendant Heinrich precluded summary judgment on his behalf but, because plaintiff did not oppose the motion, the Court decided that it was appropriate to hold the record open to allow defendant Heinrich to provide additional evidence.

claim. But, because defendant Heinrich had not presented any evidence whatsoever the Court could not find that he was entitled to summary judgment. In his newly-submitted affidavit, defendant Heinrich states that, after plaintiff was seated on the restraint bench, he "yell[ed] about his nerve" and "lunged forward and started screaming in apparent agony." Heinrich Affidavit at ¶ 10 [Doc. # 66-1]. When plaintiff lunged forward, defendant Niffen was pulled off balance and, as Heinrich tried to pull plaintiff back onto the bench, he too lost his balance and "fell toward" plaintiff. Id. at ¶ 11.

**II.    Discussion**

"To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective." Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. In excessive force cases, "guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically." Id. (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)). Even with such motivation, not every push or shove violates the Constitution, but any use of force greater than *de minimis,* or any use of force that is "repugnant to the conscience of mankind," does. Id. "The second requirement is subjective and requires that the inmate prove that the prison officials had a sufficiently culpable state of mind." Id. (internal quotation and citations omitted). The unnecessary and wanton infliction of pain can constitute an Eighth Amendment violation. Whitley v. Albers, 475 U.S. 312, 320 (1986). Although an unforeseeable accident may produce added anguish, it cannot on that basis alone amount to malicious and sadistic intent to cause harm. Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Redmond v. Crowther, 882 F.3d 927, 937 (10th Cir. 2018) ("accidentally deploying force is antithetical to deploying that force maliciously or sadistically."); Campbell v. Grammer, 889 F.2d 797, 802 (8th

Cir. 1989) (distinguishing between "misunderstanding, inexperience, oversight, inadvertence, and fecklessness" and wantonness).

Defendant Heinrich's affidavit makes clear that he lost his balance when plaintiff unexpectedly twisted on the bench.  Thus, to the extent that he can be said to have applied force by leaning on plaintiff and pushing his head toward his knees, it was inadvertent and not maliciously or sadistically applied.  Defendant Heinrich is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Heinrich's motion for summary judgment [Doc. # 55]  is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2018.